UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OSCAR JACKSON, JR.,                    ]
                                       ]
    Plaintiff,                         ]
                                       ]
    vs.                                ]     2:08-CV-01108-LSC
                                       ]
MICHAEL J. ASTRUE,                     ]
Commissioner,                          ]
Social Security Administration,        ]
                                       ]
    Defendant.                         ]

MEMORANDUM OF OPINION

I.    Introduction.

    The claimant, Oscar Jackson, Jr., appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for child insurance benefits. Mr. Jackson timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

II.    Background.

    Mr. Jackson filed an application for Supplemental Security Income ("SSI") on January 9, 1997. (Tr. at 20.) That application was denied

through Appeals Council review on May 2, 2000, and Mr. Jackson did not appeal the decision further. (*Id.*)

On July 3, 2001, Mr. Jackson filed another application for SSI, which was also denied. After a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued a fully favorable decision on February 19, 2003. The ALJ found that Mr. Jackson had been disabled since July 3, 2001. (*Id.*)

On August 18, 2005, Mr. Jackson filed an application for child insurance benefits. The application was denied, and a hearing was held on October 1, 2007, before the same ALJ that issued the fully favorable decision in February 2003. Mr. Jackson was present at the hearing and gave sworn testimony, along with his friend and representative payee, Hafeeza M. King. Mr. Jackson was advised of his right to legal counsel, and he chose to proceed with the hearing and waive the right to legal representation. (*Id.*)

Mr. Jackson was born on April 23, 1962, and he attained age twenty-two on April 22, 1984.[1] (*Id.* at 23, 24.) Federal regulations allow for an

---

[1] In his memorandum of law, Plaintiff contends that there is confusion in the record regarding his age. (Doc. 25 at 2.) He does not, however, argue that the ALJ

award of child insurance benefits if the claimant is eighteen years-old or older and has a disability that began before the age of twenty-two. 20 C.F.R. § 404.350(a)(5). Plaintiff does not dispute that when evaluating a claimant for child insurance benefits, the five-step sequential evaluation process is utilized. *See* 20 C.F.R. § 404.1520.

The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the

---

erred regarding his birth date, that the discrepancies are relevant to his appeal, or that April 22, 1984, is not the date he attained age twenty-two. Regardless, it is clear that the ALJ used the correct birth date for the plaintiff. At his hearing before the ALJ, Plaintiff testified that his birthday was April 23, 1962 (Tr. at 85), and in an affidavit filed with this Court on February 10, 2009, Plaintiff again swore that his birth date was April 23, 1962 (Doc. 28 at 3).

analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. (*Id.*) If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can do other work, the claimant is not

disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Jackson "performed substantial gainful activity in 1984, earning $3,873.76; in 1986, earning $3,691.22; and in 1987, earning $7,170.94." (Tr. at 23.) The ALJ also determined that Mr. Jackson performed substantial gainful activity in 2000, earning $9,183.31. (*Id.*) Noting that the work "was not an unsuccessful work attempt, nor is there any evidence of subsidy, impairment related work expenses, or special conditions," and a "trial work period cannot begin earlier than the month in which the application was filed," the ALJ concluded that Mr. Jackson was not disabled before he attained the age of twenty-two because he performed substantial gainful activity after the age of twenty-two. (*Id.*) Accordingly, the ALJ entered a finding that Plaintiff was "not entitled to child's insurance benefits (disability)." (*Id.* at 24.)

III.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1)

whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for

"despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

IV. Discussion.

Plaintiff has filed a motion to remand and a memorandum of law arguing that the ALJ's decision should be reversed and remanded because the record does not contain Mr. Jackson's medical records, but an incorrect school record—belonging to another Oscar Jackson—was included. Plaintiff contends these factors indicate the ALJ failed to fully develop the record. (Docs. 19, 25.) The Commissioner maintains that medical and school records were not relevant to the ALJ's decision because Mr. Jackson was denied child insurance benefits because of his earnings history.

When evaluating a claim for disability benefits, the five-step sequential evaluation process must be followed. *Powell on behalf of Powell*

*v. Heckler*, 773 F.2d 1572, 1575 (11th Cir. 1985). The regulations specify that if a claimant engages in substantial gainful activity, the claimant is not disabled and the evaluation stops. 20 C.F.R. § 404.1520(a)(4)(I). "Substantial gainful activity" is defined as work activity that involves doing significant physical or mental activities and is the kind of work usually done for pay or profit. *Id.* § 404.1572. "Among the factors to be considered are the time spent in the work; quality of the performance; whether the worker is self-employed; the need for special conditions or supervision; use of experience, skills and responsibilities; and whether the worker contributes substantially to the operation of the business." *Johnson v. Sullivan*, 929 F.2d 596, 597 (11th Cir. 1991). "Earnings reported on income tax returns raise a presumption that the taxpayer was gainfully employed, but the presumption is rebuttable." *Id.* at 598 (citing *Milton v. Schweiker*, 669 F.2d 554, 556 (8th Cir. 1982)).

      Substantial evidence in the record supports the ALJ's finding that Mr. Jackson earned $3,873.76 in 1984; $3,691.22 in 1986; $7,170.94 in 1987; and $9,183.31 in 2000. Federal regulations provide that earnings may show that

a claimant has done substantial gainful activity. 20 C.F.R. § 404.1574. "Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity." *Id*. § 404.1574(a)(1). The amounts earned by Mr. Jackson in 1984, 1986, 1987, and 2000 exceed the $300 monthly earning average for calendar years 1980-1989 and $700 monthly average for the year 2000, and create a presumption of substantial gainful activity for those years. *Id*. § 404.1574(b)(2)(i); *Johnson*, 929 F.2d at 598. There is nothing in the record to dispute the ALJ's finding that Mr. Jackson did not rebut this presumption with evidence the work was an unsuccessful work attempt, or evidence that he received a subsidy, impairment related work expenses, or special conditions. In fact, Mr. Jackson testified at the hearing that he was a "good worker." (Tr. at 94.)

Plaintiff has submitted an affidavit in this proceeding, however, which claims he did not work at all after his father passed away in 1997. The affidavit also maintains that Mr. Jackson always had "short term" jobs. (Doc. 28.) This affidavit was not presented to the ALJ. Therefore, we consider whether this cause should be remanded for consideration of new

evidence under 42 U.S.C. § 405(g). In order to obtain remand for consideration of new evidence, a claimant must show that "(1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). Mr. Jackson has not provided any reason why this new testimony could not have been presented during the proceeding before the ALJ. Moreover, he has failed to establish that this affidavit would change the result before the ALJ. The affidavit does not deny Plaintiff's employment earnings in the years 1984, 1986, or 1987. It is also worth noting that despite Mr. Jackson's new denials, he testified before the ALJ that his last job was with Wilson Concrete. (Tr. at 88, 93.) Mr. Jackson's earnings records reflect that he worked at Wilson Concrete Company, Inc., in the year 2000 and earned $9,183.31. (Tr. at 73.) Plaintiff has also informed this Court in a pro se filing that the denial of his SSI application in 1997 forced him to "jeopardize his health by working." (Doc.

9 at 3.) Mr. Jackson's unsubstantiated assertions and conflicting testimony are insufficient to overcome the presumption of substantial gainful activity established by his earnings record.

Because the ALJ properly found that Mr. Jackson had engaged in substantial gainful activity after attaining the age of twenty-two, the sequential evaluation stopped. Therefore, neither the ALJ nor this Court need to consider Plaintiff's medical and/or school records.

V.   Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, Plaintiff's motion to remand will be denied and the decision of the Commissioner will be affirmed by separate order.

Done this <u>12th</u> day of <u>August 2009</u>.

_____<br>
L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
153671